IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 15, 2020 Session

**STATE OF TENNESSEE v. ARMIN LARS BEGTRUP**

**Appeal from the Criminal Court for Davidson County**
**No. 2016-C-1905    Mark J. Fishburn, Judge**

———————————————————

**No. M2019-02038-CCA-R3-CD**

———————————————————

ROBERT W. WEDEMEYER, J., concurring.

I agree that the majority opinion is correctly decided based upon the current relevant rules and case law. I write separately because I also agree with the statement in the Defendant's supplemental brief that

> The denial of access to the appellate courts where the defendant enters a plea of not guilty, is convicted at trial, and is sentenced under judicial diversion is wrong. That is the Appellant's rubric. The defendant who maintains his innocence has no appellate recourse to correct trial errors that may have resulted in a wrongful conviction if sentenced under judicial diversion.

Former Tennessee Criminal Court of Appeals Judge Joe Riley's dissent in the *Norris* case addressed the unfortunate outcome of such an approach:

> The majority opinion places a defendant securing judicial diversion in a "catch 22." If a defendant pleads guilty and agrees to judicial diversion, such a defendant could not appeal reserving a certified question of law. On the other hand, if such a person pled guilty and agreed to a judgment of conviction with a sentence imposing the same terms of probation as would be imposed for judicial diversion, such a person could appeal reserving a certified question of law. Likewise, if a defendant were convicted at a jury trial and agreed to judicial diversion, such a defendant would forfeit a sufficiency of the evidence appeal as of right at the time he or she agreed to judicial diversion. On the other hand, if such a defendant rejected judicial diversion and demanded a sentence resulting in a judgment of conviction, such a defendant could appeal as of right at that time. Surely, our rules do not contemplate such a "catch 22" result.

The logical remedy for this "catch 22" is a revision to Rule 3 allowing for an appeal as of right from an order granting judicial diversion if the defendant has pled not guilty and maintained that plea throughout the proceedings resulting in a finding of guilt.


_____

ROBERT W. WEDEMEYER